UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

THADDEUS Taylor,
Petitioner,

v.

LT. William Galligan; C/o woods;
Donna Collins Deputy warden;
A.T. WALL Director RIDOC;
Theresa Lantz, Commissioner CTDOC
Respondents

[redacted] 05 536 T
CASE NO.

December 21, 2005

PETITION FOR WRIT OF ERROR CORAM NOBIS; HABEAS CORPUS (Ad FACiendum ET RECIPIendum); 2241; All WRITS ACT; PETITION FOR WRIT OF MANdAMUS (RIDOC disciplinary hearing Challenge)

The Petitioner Thaddeus Taylor, in his pro se capacity, respectfully files with this Honorable Court this Petition for writ of ERROR CORAM NOBIS and/or Habeas Corpus AD FACIENdum ET RECIPIendum, Section 2241; All writs ACT, and/or Petition For writ of mandamus -- directing the Respondent(s) to vacate the petitioner's finding of guilty of a disciplinary infraction that was written by Correctional officer Woods on November 17, 2005, at the High Security Facility, within the Rhode Island Department of Corrections (Booking No. 013287) Code 303 -- Cat. 2 Contraband LT. williGan Galligan also supervised and approved C/o woods writing this booking against the petitioner.

On December 1, 2005, LT. williGan Galligan, who also was the "Inmate Grievance Coordinator" for the High Security Facility; direct Area supervisor of the Petitioner's

Housing unit (protective custody)..also acted as the Disciplinary hearing officer and conducted the Petitioner's disciplinary hearing.. for the (booking).. NO. 013287 (RIDOC); to which he found the petitioner guilty as charged and imposed the following disciplinary sanction for the "Code 330" violation... 10 days Loss of Good Time, 10 days Loss of Privileges; 10 days Loss of telephone; 10 days of Loss of visits.. on the same day TAYLOR advised LT. William Galligan.. that he desired to appeal his sanction(s) and the manner the disciplinary hearing was held (not in accordance with RIDOC Policies and Procedures; MORRIS Rules Consent Agreement) LT. Galligan stated he would provide the petitioner with a copy of the results..(that day) to which he would have 5 days to file his Appeal.. However LT. Galligan never sent the petitioner a copy of the 'hearing Report'.. on December 9, 2005 and December 14, 2005 the Petitioner submitted (pink slips) reminding LT. Galligan he needed such Report so he could file his 'Appeal'. The Petitioner also advised Deputy Warden Collins.. that he was waiting for LT. Galligan to provide him with a copy of his disciplinary hearing officer Report..so he could adequately submit his appeal (RIDOC procedures requires the inmate to submit his appeal with five days, upon Receipt of the 'Disciplinary hearing officer' results Report.. not including the weekends...thus the petitioner's appeal did not start because as of this date LT. Galligan still

have not provided the Petitioner a copy of the 'Report'. On December 16, 2005, Deputy Warden Collins -- construed a letter, from the petitioner complaining about LT. Galligan, and his failure to timely provide him a copy of the 'Disciplinary Report' as his 'Request for Review or Appeal' -- despite the fact the petitioner advised her this was not his (appeal.) She affirmed the findings of LT. Galligan. The Petitioner now appeals to this Honorable Court on the following grounds:

The petitioner was denied a fair hearing and opportunity to put forth a defense -- as a result of the Respondent(s) blatant disregards to Due process -- LT. Galligan, was directly involved in writing the booking of the petitioner -- and should not have been the hearing officer as well; LT. Galligan denied the petitioner the Right to call witnesses (as a result of their 'de facto policies' not to allow inmates to call witnesses) without Just cause; LT. Galligan, is not an impartial person -- and could not be considered an 'impartial person' -- as a result of the numerous formal complaints the petitioner filed against him -- and pending Civil Lawsuit(s); As well LT. Galligan knowingly and willfully lied under oath at the petitioner's criminal proceedings in CT Superior Court on June 23, 2005 -- Petitioner was denied the Right to go before a 'board' of 3 people as required by <u>Morris Rules</u> - Consent Agreement (RIDOC) - Petitioner was denied meaningful assistance to staff representative -- in that Counselor Amaral did not meet with him and conduct an investigation into the fact(s) .. simply sat there. Petitioner was denied the Right to file his appeal. For all the above reasons The petitioner Request this Honorable Court to vacate

the Disciplinary hearing officer (Lt. Galligan) and the Respondents decision to find the Petitioner "guilty" and order New disciplinary hearing that fully complies with due process of Law; the Morris Rules Consent decree agreement to have the case heard before a disciplinary board consisting of three individuals.. not one.. and that the petitioner be given meaningful assistance from a staff Representative - that gather testimonies; evidence, marshal and gather facts, interview witness both inmates and staff to assist the inmates - before the board. (It is currently 'RIDOC' defacto policy for staff Representatives to show-up at the hearing - sit there and do nothing...)

The Petitioner also submits that this disciplinary also force him to be incarcerated longer -- and is adversely affected before "CTDOC" Parole Board; placement in Halfway House delayed -- as well as longer incarceration.

Moreover, the petitioner submits the disciplinary actions are 'Retaliatory Acts' by the Respondents because the petitioner have filed Lawsuits against them.. prior to coming to RIDOC - the Petitioner did not receive a disciplinary infraction since July 1996 - have been incarcerated for the past decade.

I swear the above statements are true and correct and under penalty of perjury to the best of my knowledge

Respectfully submitted
[signature] pro se
Thaddeus Taylor #128225
ACI-HSC
P.O. Box 8250
Cranston, RI 02920

Certificate of Service

I Certify that a copy of this petition was mailed to Attorney Patricia A. Coyne-Fague on behalf of the Respondent(s) Director A.T. Wall and RIDOC .. on this 21st Day of December, 2005 (RIDOC Legal Office 40 Howard Ave, Cranston RI 02920)

[signature] pro se
Thaddeus